United States District Court
District of Massachusetts

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff,<br><br>v.<br><br>JAMES TAMBONE and<br>ROBERT HUSSEY,<br>    Defendants. | Civil Action No.<br>06-10885-NMG |

MEMORANDUM & ORDER  DOCKETED

GORTON, J.

    The Securities and Exchange Commission ("SEC") brings this enforcement action against the defendants for securities fraud. The complaint is substantially similar to a previous complaint brought by the SEC against the same defendants, which was dismissed by this Court without prejudice. The defendants have filed motions to dismiss the complaint in the instant case on the grounds that it does not cure the deficiencies that the Court found with respect to the original complaint.

I.  **Factual Background**

    The SEC filed the original complaint against defendants James Tambone ("Tambone") and Robert Hussey ("Hussey") on February 9, 2005 ("the original complaint")(05-cv-10247-NMG). The original complaint involved securities fraud relating to a practice known as "market timing" and alleged that the

defendants: 1) committed fraud in violation of the Securities Exchange Act of 1934 ("the Exchange Act") and Rule 10b-5 thereunder, 2) committed fraud in violation of Section 17(a) of the Securities Act of 1933, 3) aided and abetted fraud in violation of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("the Advisers Act") and 4) aided and abetted in violation of Section 15(c) of the Exchange Act.

In the original complaint, the SEC alleged that the defendants were senior executives of Columbia Funds Distributor, Inc. ("Columbia Distributor"), a broker-dealer registered with the SEC. Columbia Distributor served as the principal underwriter and distributor of over 140 mutual funds in the Columbia mutual fund complex ("the Columbia Funds"). In that capacity, Columbia Distributor disseminated prospectuses for the Columbia Funds. Tambone, Columbia Distributor's Co-President, and Hussey, its Senior Vice President and Managing Director for National Accounts, had responsibility for selling the Columbia Funds to clients and potential clients.

The original complaint alleged that from as early as 1998 and continuing through September 2003, the defendants entered into, approved and knowingly permitted arrangements allowing certain preferred customers to engage in short-term or excessive trading in at least 16 different Columbia Funds. Despite their participation in and knowledge of those arrangements and their

awareness of other short-term or excessive trading by the preferred customers, the defendants allegedly offered Columbia Funds to other investors using prospectuses that represented that such trading was prohibited or indicated a hostility towards such practices. The SEC contends further that the defendants made material omissions insofar as they never disclosed those arrangements to investors to whom they sold the Columbia Funds.

The defendants filed motions to dismiss and, on January 27, 2006, the Court allowed those motions and dismissed the original complaint for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b) and for failure to state a claim upon which relief can be based. See SEC v. Tambone, 417 F. Supp.2d 127 (D. Mass. 2006). The original complaint was dismissed "without prejudice" and an order of dismissal was entered on the same day.

Subsequently, on March 13, 2006, the SEC moved for leave to amend the original complaint. Before that motion was resolved, however, the SEC changed gears and moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b) in recognition of the fact that a motion for leave to amend cannot be entertained after a case has been dismissed. The Court denied the motion for relief from judgment and denied the motion for leave to file an amended complaint as moot on May 5, 2006.

Undeterred, the SEC filed a new complaint 14 days later on May 19, 2006 ("the new complaint"), thereby commencing the instant action. The new complaint alleges almost identical violations of securities laws by the same defendants, Tambone and Hussey. Both defendants have filed motions to dismiss on the grounds that the new complaint is just as deficient as the original complaint and should be dismissed for the same reasons.

## II. Legal Analysis

### A. Legal Standard

A court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the

facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollett, 83 F. Supp. 2d at 208.

### B. Analysis

The new complaint contains 110 paragraphs that are nearly identical to those of the original complaint, 12 additional paragraphs not contained in the original complaint and one new count of aiding and abetting. The new allegations are summarized as follows:

> that Hussey helped lead a "working group" that proposed processes and procedures designed to detect and deter market timing in the Columbia Funds and, "on information and belief", that he and Tambone reviewed and provided input into the market timing language that was incorporated into certain of the prospectuses (paras. 10, 34, 97);

> that the defendants reviewed draft prospectus language concerning market timing and that in April and May, 2001, both Tambone and Hussey exchanged e-mails with in-house counsel regarding the proposed changes to the prospectus language (paras. 36-37);

> that, as underwriter of Columbia Funds, Columbia Distributor had a duty to make reasonable and diligent investigation of the statements contained in the prospectuses for the Columbia Funds to ensure that such statements were true and that there were no omissions of material fact that needed to be stated in order to make the statements not misleading, and that Tambone and Hussey, as "securities professionals" and executives of Columbia Distributor, owed a similar "special duty" to those to whom they sold funds (para. 11);

> that Tambone signed "hundreds" of "Selling Agreements" warranting that "each Prospectus and all sales literature we issue will not by statement or omission be misleading", although no dates of execution or parties to the Selling Agreements are provided in the new complaint

(paras. 40-43); and

that the facts regarding the purported fraud were concealed from the SEC until September, 2003, when Columbia Advisors was asked about market-timing activity by SEC staff (paras. 100-101).

In all other material respects, the new complaint is identical to the original complaint. The new allegations relate primarily to the issue of attributing material misstatements in prospectuses to one or both of the defendants.

### 1. Attribution of a Material Misstatement or Omission to Defendants

In its memorandum and order dismissing the SEC's original complaint the Court made it clear that, in order to plead fraud with the requisite particularity pursuant to Fed. R. Civ. P. 9(b), the plaintiff must set forth the following allegations in the complaint: 1) the allegedly fraudulent statements, 2) the identity of the speaker, 3) where and when the statements were made and 4) how the statements were fraudulent. See SEC v. Druffner, 353 F. Supp.2d 141, 148 (D. Mass. 2005). That standard will be applied to the new allegations against the defendants.

The Court was also clear, in dismissing the original complaint, that to prove fraudulent conduct the plaintiff must allege that the defendants: 1) made an untrue statement of material fact, 2) omitted a fact that rendered a prior statement misleading or 3) committed a manipulative or deceptive act as part of a scheme to defraud. See Gross v. Summa Four, Inc., 93

F.3d 987, 992 (1st Cir. 1996)(superseded by statute on other grounds). In order to be liable for a primary violation of Section 10(b) of the Exchange Act and Section 17(a) of the Securities Act, a defendant must have personally made either an allegedly untrue statement or a material omission. Wright v. Ernst & Young LLP, 152 F.3d 169, 175 (2d Cir. 1998).

In its previous memorandum and order, the Court found that the original complaint failed to attribute a material misstatement or omission of fact to either defendant with sufficient particularity. The original complaint did not allege that either defendant played any role in preparing, drafting or signing the allegedly misleading prospectuses.

The new complaint contains two paragraphs that do allege involvement with drafting a prospectus by both Tambone and Hussey. In paragraphs 36 and 37 of the new complaint the defendants are alleged to have exchanged e-mails with in-house counsel for Columbia Advisors regarding draft language on market timing for the fall 2001 prospectus. Those allegations are particularized in that they allege specific activity on approximate dates by Tambone and Hussey.

The new paragraphs fail, however, to identify the substance of the comments made by either Tambone or Hussey in those e-mails, and, furthermore, fail to allege that any of the language reviewed or proposed by either defendant was ever actually

incorporated into the fall 2001 prospectus. The complaint alleges "on information and belief" that Hussey, by virtue of his role as co-leader of the "working group" on market timing, must have reviewed and commented on the representations incorporated into the fall 2001 prospectus. Without a specific allegation linking either defendant to a statement in a particular prospectus, however, merely pleading fraud on the basis of "information and belief" fails to satisfy the pleading requirement of Rule 9(b). See Garvey v. Arkoosh, 354 F. Supp.2d 73, 80 (D. Mass. 2005)(requiring a party to "set forth the source of the information and the reasons for the belief" to satisfy Rule 9(b)).

 The SEC contends that it is unable to state its allegations with greater detail because the e-mails in question have been withheld by the defendants as subject to the attorney/client privilege. The fact that the information is subject to privilege, however, does not relieve the SEC of its burden to allege fraud with particularity. See Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985)("Even where allegations are based on information and belief, supporting facts on which the belief is founded must be set forth in the complaint ... And this holds true even when the fraud relates to matters peculiarly within the knowledge of the opposing party.")(internal quotation marks and

citations omitted).[1]  Furthermore, if the e-mails in question are, in fact, subject to a valid attorney-client privilege, they could not be introduced as evidence against the defendants.[2]  If the only evidence attributing false or misleading statements to the defendants exists in the form of communications subject to a valid attorney/client privilege, the SEC would be unable to prove the allegations regardless of whether the new complaint survives the motions to dismiss.

The new complaint lodges additional allegations against Tambone in paragraphs 40-43.  The SEC alleges in those paragraphs that Tambone signed "hundreds" of Selling Agreements, each of which purportedly references the fund prospectuses but it flatly fails to meet the particularity requirements of Fed. R. Civ. P. 9(b) because it does not allege when the selling agreements were signed, to which mutual funds they pertained, who the parties to the agreement were, what prospectuses the parties to the agreements received or when or whether those parties bought or

---

[1] The SEC contends that it would, during discovery, inquire further as to the nature of the e-mails and other communications that the defendants may have exchanged with in-house counsel regarding the draft prospectus language.  While the SEC is not strictly limited to information gathered during its investigation prior to filing a complaint, see SEC v. Sargent, 229 F.3d 68, 79 (1 st Cir. 2000), the SEC's position suggests that it is merely guessing as to the contents of the e-mails in question.

[2] In the memorandum supporting his motion to dismiss, Hussey proposes that, if necessary, the Court could conduct an in camera review of at least one of the e-mails in question.

sold mutual funds in which market timing was occurring. Paragraphs 40-43 of the new complaint are, therefore, insufficient to cure the defects of the original complaint against Tambone.

With respect to material omissions, the new complaint makes one additional effort to impose liability on the defendants for failure to advise purchasers of the Columbia Funds of misstatements in prospectuses. In paragraph 11 of the new complaint, the plaintiff alleges that Tambone and Hussey owed a "special duty" to those to whom they sold funds. As this Court stated in its January 27, 2006 memorandum and order, an individual owes a duty to clarify a misleading statement only if that statement is attributable to the individual. See Druffner, 353 F. Supp.2d at 148; SEC v. PIMCO Advisors Fund Management LLC, 341 F. Supp.2d 454, 467 (S.D.N.Y. 2004). The major flaw with the SEC's complaint was then, and continues to be, a failure to attribute misleading statements to either Tambone or Hussey. The bare allegation in the new complaint that the defendants owed a "special duty" to their customers does not fix the problem of attribution.

### 2. New Count for Aiding and Abetting

The new complaint states a count for aiding and abetting Columbia Advisor's and/or Columbia Distributor's violations of § 10(b) of the Exchange Act and Rule 10b-5 thereunder. That

Count was not included in the original complaint although the Court dismissed similar claims for aiding and abetting arising under § 15(c) of the Exchange Act and §§ 206(1) and (2) of the Advisers Act.  Liability for aiding and abetting securities fraud under any of the above-referenced statutes attaches only upon a showing that: 1) a primary violation was committed, 2) the defendants had a general awareness that their conduct was part of an overall activity that was improper and 3) the defendants knowingly and substantially assisted in the primary violation. See Druffner, 353 F. Supp.2d at 150.

    With respect to the aiding and abetting claims in the original complaint, this Court found that the SEC had not sufficiently alleged that the defendants consciously threw in their lot with the primary violators.  The allegations in the new complaint do not persuade this Court to change that finding.  The only new allegations that could be construed to establish aiding and abetting liability are that Hussey helped lead a working group on market timing and that both defendants exchanged e-mails with in-house counsel regarding new provisions of prospectuses related to market timing.  For the same reasons that those allegations fail to satisfy the particularity requirement of Rule 9(b) for purposes of primary liability, they fail with respect to aiding and abetting liability.  The paragraphs inserted into the new complaint since the Court dismissed the original complaint do

not alleviate the deficiencies with respect to the SEC's pleading.

### 3. Other Grounds for Dismissal

In their motions to dismiss, the defendants raise other grounds for dismissal, including that many of the allegations are barred by the statute of limitations. Because the allegations in the new complaint fail to address the deficiencies that the Court found with respect to the original complaint on the issue of attribution to either defendant of a misleading statement or omission, the Court need not address the other grounds for dismissal.

### ORDER

The motions to dismiss filed by the defendant, Robert Hussey, (Docket No. 8) and the defendant, James Tambone, (Docket No. 10) are **ALLOWED** and the complaint is **DISMISSED WITH PREJUDICE**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 28, 2006