UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES TAMBONE AND ROBERT HUSSEY, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br> NO. 06-10885-NMG |

**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**

Plaintiff the Securities and Exchange Commission ("SEC"), defendants James Tambone and Robert Hussey, and third party subpoena recipient Bank of America, Inc. (the "Bank") by and through their respective counsel of record, stipulate to the entry of this protective order, subject to the Court's approval.

Scope of Stipulation and Order

1.    All documents and information provided by any party during the course of this litigation shall be used solely for purposes of this litigation and no other purpose whatsoever.

Designation of Discovery Materials as "Confidential"

2.    Any party shall have the right to designate as confidential and subject to this Stipulation and Order any Confidential Information. "Confidential Information" shall mean documents, items, information or material, however embodied (including documents, written discovery responses and testimony), that a producing party (including any third party that produces information in this action) considers in good faith to be or contain trade secret or other confidential or proprietary information, or which the producing party believes is subject to a duty of confidentiality to a third party (for example, under a nondisclosure agreement). The designation of any document or information as "CONFIDENTIAL" pursuant to the terms of this

Stipulation and Order shall be made in the good-faith judgment of counsel consistent with the terms of this Stipulation and Order.

3. Any party shall designate Confidential Information by stamping each page of the document containing Confidential Information with the legend "CONFIDENTIAL", when practicable, prior to its production, or by any other method agreed to in writing by counsel for all parties.

Restrictions on the Disclosure of Discovery Materials Designated "Confidential"

4. Except as otherwise provided by written stipulation of the parties or by order of the Court, documents or information designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person, except the following:

(a) the parties;

(b) the parties' attorneys of record in this case, the partners, associates and employees of such counsel, and their authorized paralegal, secretarial and clerical staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this litigation;

(c) the parties' in-house attorneys and their authorized paralegal, secretarial and clerical staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this litigation;

(d) the Court and Court personnel (including any and all appellate personnel);

(e) court reporters (including videographers) used in connection with this litigation;

(f) employees of outside copying, printing, binding, or litigation support services;

(g) any person whom the document clearly identifies as an author, addressee or carbon copy recipient of such document;

(h) persons who have been retained by any party (or by his or its attorneys of record) as outside consultants or experts; and

(i) any deposition and/or trial witnesses (including their counsel, to the extent applicable), but only for the purposes of this litigation and only ( ) at deposition

or trial and/or (2) to prepare the witness for deposition or trial.

Limitation on Use of Designated Information

5. The attorneys of record for the parties and other persons receiving information governed by this Stipulation and Order shall exercise reasonable care to ensure that the information and documents governed by this Stipulation and Order are (a) used only for the purposes specified herein and (b) disclosed only to Authorized Persons, and (c) that all Authorized Persons understand and will comply with the terms of this Stipulation and Order.

Authorized Persons are defined as the individuals identified in paragraphs 4(a) through 4(i) above.

Confidential Information in Depositions

6. Any party may, during the course of a deposition or within thirty (30) business days after receipt of a deposition transcript by counsel, designate pages of the transcript and exhibits thereto as "CONFIDENTIAL." Absent a separate, written agreement of the parties relating to use of a specific deposition transcript, all deposition testimony, and all accompanying exhibits, shall be deemed Confidential Information until the expiration of the thirty (30) business day period. Thereafter, if the originating party does not designate Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as confidential.

Inadvertent Production of Confidential Information

7. Inadvertent production of documents or items containing Confidential Information without the legend "CONFIDENTIAL" shall not waive the confidentiality of that material if a written notice is furnished to the receiving party that the material shall be designated "CONFIDENTIAL" subject to this Stipulation and Order promptly after any party learns of its inadvertent production without such legend. Dissemination of such information by the receiving party before receipt of such notice shall not be a violation of this Stipulation and Order.

Inadvertent Production of Privileged Information

8. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

protected by privilege or work-product protection. If any party makes a claim of inadvertent production with respect to information then in custody of another party, such party shall promptly return to the originating party that material as to which the claim of inadvertent production has been made. Such return shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by the receiving party that the materials were, in fact, privileged in any way.

9. If during the course of this case, a producing party produces a document or any other piece of information, including electronically stored information, that the producing party thereafter claims to be privileged or protected, the producing party will give notice thereof to the receiving party in writing. Within ten days, the document or information in question (and all notes and work product quoting, referring or relating thereto) will then be returned to the producing party, or the receiving party will certify that any and all copies have been retrieved and destroyed. If the receiving party has disclosed the information to others before being notified of the claim of privilege or protection, the receiving party must take reasonable steps to retrieve and return or destroy the disclosed information. The parties further agree that they will not assert that a producing parties' production of such information in the course of this case constituted a waiver of any privilege or protection that applies to the information or document. The receiving party upon receiving a privilege log identifying the document remains free to challenge any claim of privilege or protection, but shall not make any claim that the production of the document was a waiver of any privilege or protection. Moreover, absent a ruling that the document or information at issue is not privileged or protected, a receiving party may not disclose nor make any use whatsoever of the information disclosed in or derived from the document or information at issue.

Materials Provided for Inspection

10. Making documents or any other items available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by counsel for

a party or third party producing discovery in this action shall be treated as though designated as "CONFIDENTIAL" at the time of the inspection. With respect to all materials provided for inspection, designation by stamping or labeling as "CONFIDENTIAL" need not be made until copies of the materials are requested after inspection and selection by counsel.

### Disclosure of Discovery Materials Designated as "Confidential" to the Court

11. In filing or lodging documents, information, or things as "CONFIDENTIAL," the parties agree to comply with all the requirements of the Federal Rules of Civil Procedure 5.2, Local Rule 7.2, and any other applicable rules to obtain a court order sealing or impounding the Confidential Records, or that portion containing materials designated as "CONFIDENTIAL." A party seeking to file documents, information, or things designated as "CONFIDENTIAL" must file a motion with the Court for leave to have the requested material impounded pursuant to Local Rule 7.2.

Notwithstanding the provisions of this paragraph, the mere inclusion in a pleading of factual information derived from the documents or things designated "CONFIDENTIAL" will not require that pleading be filed under seal if the parties agree in writing prior to filing the pleading that the factual information actually contained in that pleading would not itself be properly subject to such designation.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

12. If a receiving party receives a subpoena or other compulsory process commanding the production of information designated as "CONFIDENTIAL," by any party, that party shall promptly notify the other party or parties in writing immediately upon receipt of the subpoena or other compulsory process. The parties agree that upon receipt of any subpoena or compulsory process, the receiving party shall take all reasonable steps to permit the other party or parties an opportunity to object or seek other appropriate relief to prevent or limit the production of such information. The party receiving the subpoena or other compulsory process shall not object to the other party or parties having a reasonable opportunity to appear in the litigation or process seeking disclosure of information designated as "CONFIDENTIAL" for the sole purpose of

seeking to prevent or restrict disclosure thereof.

### Confidentiality of Party's Own Documents

13. No person may disclose, in public or private, any information or document governed by this Stipulation and Order except as provided for in this Stipulation and Order, but nothing herein shall affect the right of any party to disclose for any reason to its officers, directors, employees, trustees, agents, consultants or experts, its own information or documents, documents directed to it, or information or documents designated by it as "CONFIDENTIAL." Such disclosure shall not waive the protections of this Stipulation and Order and shall not entitle other parties or their attorneys to disclose such information or document in violation of it.

### Additional Protections

14. This Stipulation and Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as they may consider appropriate (nor shall it preclude any party or third party producing discovery in this action from opposing any such action).

### Challenge to Confidentiality Designation

15. This Stipulation and Order shall not preclude any party from (a) claiming that any matter designated as "CONFIDENTIAL" hereunder is not entitled to the protection of this Stipulation and Order, (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Stipulation and Order, or (c) applying for an order modifying this Stipulation and Order in any respect.

16. If a party seeks removal of particular items designated as "CONFIDENTIAL" from this Stipulation and Order, the following procedure shall be utilized:

(a) The party seeking such removal shall give counsel of record for the other party or parties notice thereof by facsimile or email with confirmation by U.S. mail, specifying the document, information, or other items as to which such removal is sought and the reasons for the request;

(b)     If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the delivery by facsimile or email of the notice, then the party requesting the removal of the "CONFIDENTIAL" designation may file and serve a motion for an order of the Court directing that the designation shall be so removed. The fact that the party requesting removal of the "CONFIDENTIAL" designation will be the moving party does not shift the burden of proof regarding confidentiality.

17.     No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

### Limitation of Stipulation and Order

18.     This Stipulation and Order is not intended to address discovery objections to producing, answering, or responding to discovery requests, including but not limited to objections on the grounds of attorney-client privilege, work product immunity, joint defense privilege, or irrelevance, nor to preclude any party from seeking further relief or protective orders from the Court as may be appropriate.

### Return of Designated Information

19.     Within a reasonable period of time following final disposition or resolution of this action, each party shall either (a) assemble and return all materials designated "CONFIDENTIAL" (including all copies) to the originating party, or (b) destroy such materials, at the option of the party in possession thereof. Notwithstanding the foregoing, outside counsel of record for each party may retain for its archives (which shall remain subject to the terms of this Stipulation and Order) (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits and other papers filed in this action; (ii) one set of transcripts of all testimony taken at any depositions, hearing, or trial (with exhibits); and (iii) all of its own work product generated in connection with this action.

### Waiver or Termination of Stipulation and Order

20. No part of the restrictions imposed by this Stipulation and Order may be waived or terminated, except by written stipulation executed by counsel of record for each party, or by an Order of the court for good cause shown.

Modification of Stipulation and Order

21. This Stipulation and Order may be modified, and any matter related to it may be resolved, by order of the Court.

Violation of Stipulation and Order

22. Any violation of this Stipulation and Order may constitute a contempt of court, and be punishable as such, and may subject the offending party to such additional and further remedies as may be available to the aggrieved party.

Headings

23. The headings in this Stipulation and Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Stipulation and Order.

November 5, 2010                    **SECURITIES AND EXCHANGE COMMISSION,**

                                              By: */s/ David H. London*
                                              Michael Foster
                                              fostermi@sec.gov
                                              David H. London (BBO# 638289)
                                              londond@sec.gov
                                              33 Arch Street, 23rd Floor
                                              Boston, MA 02110
                                              617.573.8824
                                              617.573.8997

November 5, 2010                    **JAMES TAMBONE,**

                                              By:*/s/ Paula J. DeGiacomo*
                                              A. John Pappalardo (BBO# 388760)
                                              pappalardoj@gtlaw.com
                                              Paula J. DeGiacomo (BBO# 118180)
                                              degiacomop@gtlaw.com
                                              Jennifer Martin Foster (BBO# 644790)
                                              fosterje@gtlaw.com
                                              **GREENBERG TRAURIG LLP**
                                              One International Place, 20th Floor
                                              Boston, MA 02110
                                              617.310.6000

November 5, 2010                    **ROBERT HUSSEY,**

                                              By: */s/ Christopher M. Joralemon*
                                              Warren L. Feldman (admitted *pro hac vice*)
                                              warren.feldman@skadden.com
                                              **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
                                              One Beacon Street
                                              Boston, MA 02108
                                              617.573.4800

                                              Christopher M. Joralemon (admitted *pro hac vice*)
                                              cjoralemon@gibsondunn.com
                                              **GIBSON, DUNN & CRUTCHER LLP**
                                              200 Park Avenue
                                              New York, NY 10166
                                              212.351.2668

                                **BANK OF AMERICA, Inc.,**

November 5, 2010        By: */s/ Sarah G. Kim*
                                     Steven W. Hansen, BBO #220820
                                     steven.hansen@bingham.com
                                     Sarah G. Kim, BBO #657852
                                     sarah.kim@bingham.com
                                     Doreen M. Rachal, BBO #667837
                                     doreen.rachal@bingham.com
                                     **BINGHAM MCCUTCHEN LLP**
                                     One Federal Street
                                     Boston, MA 02110-1726
                                     617.951.8000

*[handwritten: Subject, specifically, to the provisions of Local Rule 7.2]* [PROPOSED] **ORDER**

*[handwritten: and]* Pursuant to stipulation, **IT IS SO ORDERED.**

DATED: *12/3/10*                                               */s/ NMGorton*
                                                          Hon. Nathaniel M. Gorton