UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES TAMBONE and<br>ROBERT HUSSEY,<br><br>  Defendants. | Civil Action No.:  06-10885 NMG |

**JAMES TAMBONE'S MOTION TO COMPEL AND
TO AMEND SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 37(a)(3)(A) and Fed. R. Civ. P. 16(b)(4), Defendant James Tambone ("Tambone") respectfully moves this Court to: (1) order the Plaintiff Securities and Exchange Commission (the "SEC") to produce all non-privileged documents from the SEC's investigative files for the matter *In re Fleet Complex of Mutual Funds*, SEC File No. B-02005 which led to the above-entitled litigation (the "*Fleet* Investigative File,") within 14 days of the date of the Court Order; (2) preclude the SEC from using any document from the *Fleet* Investigative File which it fails to produce within 14 days of the Court Order; (3) order the SEC to pay Tambone's fees and expenses incurred in making this motion; and (4) extend all current pretrial deadlines 90 days each.

In support of this Motion, Tambone relies on the accompanying Memorandum of Law and exhibits attached thereto and states as follows:

  1.  In its Initial Disclosures, dated July 6, 2010, the SEC stated that it had produced all non-privileged documents from the *Fleet* Investigative File for the matter that led to this litigation, *In re Fleet Complex of Mutual Funds*, SEC File No. B-02005.

2.       Previously, on October 5, 2005, the SEC produced documents and electronically stored information to Defendants, and stated that the SEC's productions should include "copies of all non-privileged documents subject to disclosure from the SEC's investigative files for this matter."

3.       On June 23, 2010 at the Scheduling Conference when the dates in the Scheduling Order were set, it was the Defendants' understanding that the SEC's production of the documents in the *Fleet* Investigative File was substantially complete.

4.       Six months after the SEC's Initial Disclosures on July 6, 2010 and five years after its 2005 production, the SEC has still failed to produce "all documents, electronically stored information, and tangible things that [it] has in its possession, custody, or control and may use to support its claims . . . ." Fed. R. Civ. P. 26(b)(1).

5.       Over the past four and a half months, Tambone's counsel has repeatedly demanded that the SEC produce the full *Fleet* Investigative File, as it claimed it had on October 5, 2005 and in its Initial Disclosures on July 6, 2010.  During that time, counsel have undertaken the arduous and costly task of attempting to identify by bates number the specific documents that are missing from the production of the *Fleet* Investigative File and have four times provided the SEC with detailed letters and charts of the missing bates ranges.

6.       While the SEC has made productions over the course of the past four and a half months, and most recently on February 7, 2011, as set forth in the attached memorandum, the SEC still has not produced its entire *Fleet* Investigative File.

7.       With only three months remaining to complete discovery, and no depositions having been scheduled, Mr. Tambone can no longer wait for the SEC to complete its production of the *Fleet* Investigative File on its own schedule.  Tambone expects that he will need to rely at

trial on the depositions of numerous key non-party witnesses including certain of the alleged market timers and portfolio managers of the funds in which the market timing is alleged to have occurred (including a number of whom were listed by the SEC in its Initial Disclosures), because these non-party witnesses do not reside in Massachusetts or within 100 miles of the U.S. District Court in which this trial will be conducted.  They cannot, therefore, be compelled to attend trial. *See* Fed. R. Civ. P. Rule 45(c)(3)(A)(ii) ("On timely motion, the issuing court must quash or modify a subpoena that: … (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person …"); *see also* Advisory Committee Notes to 1991 Amendment to Rule 45, Subdivision (c).  It is crucial for the adequate defense of this matter that the entire *Fleet Investigative File* is provided to Defendants prior to all depositions and this is particularly so with respect to trial depositions of key non-party witnesses.

       8.     Undersigned counsel has contacted counsel for Defendant Robert Hussey who assents to the extension of the current pretrial deadlines, 90 days each as set forth below.

       9.     Undersigned counsel has spoken to counsel for the SEC who does not object to the extension of the current pretrial deadlines, 90 days each as set forth below (although not for the reasons stated in the Memorandum).

      WHEREFORE, Tambone respectfully moves this Court to:

      (1) order the Plaintiff Securities and Exchange Commission to produce all non-privileged documents from the SEC's investigative files for the matter *In re Fleet Complex of Mutual Funds*, SEC File No. B-02005 within 14 days of the date of the Court Order;

      (2) preclude the SEC from using any document from the *Fleet* Investigative File which it fails to produce within 14 days of the Court Order;

(3) order the SEC to pay Tambone's fees and expenses incurred in making this motion; and

(4) extend all current pretrial deadlines 90 days each to the following:

- a. Written discovery served by **June 30, 2011**;
- b. Written discovery answered by **July 31, 2011**;
- c. Fact discovery completed by **July 31, 2011**;
- d. Experts designated and disclosures by **August 31, 2011**;
- e. Rebuttal experts by **October 10, 2011**;
- f. Expert discovery completed by **November 31, 2011**;
- g. Dispositive motions filed by **December 15, 2011**;
- h. Responses to dispositive motions filed by **January 15, 2012**;
- i. Pretrial conference, on or after **March 15, 2012**;
- j. Trial set for **May 1, 2012**.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Tambone believes that oral argument may assist the Court and wishes to be heard. Tambone therefore requests oral argument.

Dated:  February 25, 2011             Respectfully Submitted,

                                      JAMES TAMBONE
                                      By his attorneys,

                                      */s Paula J. DeGiacomo*
                                      A. John Pappalardo (BBO# 388760)
                                      Paula J. DeGiacomo (BBO# 118180)
                                      Jennifer Martin Foster (BBO# 644796)
                                      GREENBERG TRAURIG, LLP
                                      One International Place
                                      Boston, MA  02110
                                      (617) 310-6000
                                      pappalardoj@gtlaw.com
                                      degiacomop@gtlaw.com
                                      fosterje@gtlaw.com

## LOCAL RULES 7.1(A)(2) & 37.1(B) CERTIFICATE

I hereby certify that counsel for Tambone has conferred with counsel for the SEC in a good faith attempt to resolve or narrow the issues concerning this motion before its filing.

*/s Paula J. DeGiacomo*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on February 25, 2011.

*/s Paula J. DeGiacomo*