United States District Court
District of Massachusetts

```
_____
                              )
SECURITIES AND EXCHANGE       )
COMMISSION,                   )
        Plaintiff,            )
                              )    Civil Action No.
        v.                    )    06-10885-NMG
                              )
JAMES TAMBONE and ROBERT HUSSEY, )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The Securities and Exchange Commission ("the S.E.C.") brought this enforcement action against defendants James Tambone ("Tambone") and Robert Hussey for securities fraud. Before the Court is Tambone's motion to compel and to amend the scheduling order.

**I.  Motion to Compel**

Tambone seeks disclosure of all non-privileged documents from the S.E.C.'s investigative files for the matter In re Fleet Complex of Mutual Funds (S.E.C. File No. B-02005) (the S.E.C. investigation from which this case arose) and claims that the S.E.C. has been evading its responsibility to make full disclosure. Tambone outlines his repeated efforts to obtain the entire file and seeks attorney's fees and costs associated with this motion.

The S.E.C. opposes the motion to compel on the grounds that

1) this matter could have been resolved by a meet-and-confer pursuant to Local Rules 7.1 and 37.1, 2) Tambone already possesses the allegedly missing documents and 3) it has complied with Tambone's requests to the best of its ability.

The parties are capable of resolving this dispute by meeting and conferring. Without reviewing the entire <u>Fleet</u> file, the Court cannot verify what has and has not been disclosed. Thus, the Court will schedule a hearing before which the parties will confer and make a good faith effort to resolve this issue on their own. If they are unable to do so, <u>lead</u> <u>counsel</u> for defendant, Tambone, and the S.E.C. will attend the hearing which they should expect will not be adjourned until they have resolved the matter.

## II. **Motion to Amend the Scheduling Order**

The parties agree that the scheduling order needs to be amended and the Court concurs. Because it has been three months since the motion to amend was filed, the Court will extend all deadlines by 120 days rather than the requested 90 days.

**ORDER**

In accordance with the foregoing,

1) The Court reserves judgment on the motion of the defendant, Tambone, to compel (Docket No. 60) and a hearing is scheduled for Friday, June 10, 2011 at 10:00 A.M. in Courtroom #4. If the matter is not resolved before that date, <u>lead</u> <u>counsel</u> for the defendant, Tambone, and the S.E.C. will attend that hearing and should expect to remain so engaged until the matter has

been resolved.

2)  Tambone's motion to amend the scheduling order (Docket No. 60) is **ALLOWED** and the pretrial deadlines are extended by approximately 120 days as follows:

    a.  Written discovery will be served on or before **July 31, 2011**;

    b.  Written discovery will be answered on or before **August 31, 2011**;

    c.  Fact discovery will be completed on or before **September 30, 2011**;

    d.  Experts will be designated and their reports exchanged on or before **September 30, 2011**;

    e.  Rebuttal experts will be designated and their reports exchanged on or before **November 9, 2011**;

    f.  Expert depositions and discovery will be completed on or before **December 31, 2011**;

    g.  Dispositive motions will be filed on or before **January 13, 2012**;

    h.  Oppositions to dispositive motions will be filed on or before **February 14, 2012**;

    i.  A pretrial conference will be held on **Wednesday, April 25, 2012, at 3:00 P.M.**;

    j.  Trial will commence on **Monday, May 7, 2012**.

**So ordered.**

                                /s/ Nathaniel M. Gorton
                                Nathaniel M. Gorton
                                United States District Judge

Dated May 31, 2011